Date signed February 07, 2007



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN RE: | : |
| | : |
| MARTHA C. BROOKS-WREN | :  Case No. 06-11570PM |
| a/k/a MARTHA CORRELLA WREN | :  Chapter 13 |
| | : |
| Debtor | : |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |

### MEMORANDUM OF DECISION

The Chapter 13 Trustee objected to the Disclosure of Compensation of the Debtor's attorney, and this court issued an Order to counsel to justify the fee sought of $3,884.00. The matter came on for hearing on February 6, 2007. The court has carefully considered the arguments made and the record herein. Nothing in this Opinion should be taken to be critical in any fashion of the quality of services rendered by counsel. The only consideration is whether the compensation sought exceeds the reasonable value of the services. Under § 329(b) of the Bankruptcy Code this court has the obligation to make this inquiry.

Debtor's confirmed Plan provides for 48 monthly payments of $109.00, for a total of $5,232.00. If the attorney's fee of $3,884.00 is allowed in full, after payments of the Trustee's commissions, this would leave approximately $1,800.00 to be distributed among the holders of unsecured claims. Put another way, adding the retainer of $884.00 to the Plan payments shows that Debtor's counsel will receive 65% of the money devoted by the Debtor to this bankruptcy case. This is unacceptable in the circumstances presented.

There is nothing unusual about this case. Debtor has no secured creditors, nor does she have any liens to avoid. In counsel's recitation of hours devoted to this case, the blocks of time

are impermissibly listed in 1/4 hour segments rather than 1/10th of an hour as mandated by the Compensation Guidelines for Professionals in this court.  In addition, in counsel's statement over $500.00 is ascribed to deal with the matters before the court that provide no benefit whatsoever to the Debtor.

After consideration of all of these factors, the court finds an appropriate fee for this case should not exceed $2,850.00, and counsel will be allowed reimbursement of costs of $49.67.  An appropriate order will be entered.

cc:
Edward C. Christman, Jr., Esq., 810 Gleneagles Court, Suite 301, Towson, MD 21286
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Martha C. Brooks-Wren, 456770 Nicholas Drive, Great Mills, MD 20634

**End of Memorandum**